E-filing

FILED

SEP 1 3 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  G. Thomas Martin, III, Esq. (SBN 218456)
2  **PRICE LAW GROUP, APC**
   15760 Ventura Blvd., Suite 1100
   Encino, CA  91436
3  T: (818) 907-2030; F: (818) 205-2730
   tom@plglawfirm.com
4
   Attorneys for Plaintiff
5  TIMOTHY BURCHER

6              **UNITED STATES DISTRICT COURT**

7            **NORTHERN DISTRICT OF CALIFORNIA**

8

9  TIMOTHY BURCHER;                    Case No.: **C12-4797** JSC

10       Plaintiff,                    **COMPLAINT AND DEMAND FOR
                                        JURY TRIAL**
11
   CENTRAL PORTFOLIO CONTROL,          **(Unlawful Debt Collection Practices)**
12 INC.; DOES 1 through 10, inclusive;
                                        **Demand Does Not Exceed $10,000**
13       Defendant.

14

15                    **COMPLAINT**

16         **I.   INTRODUCTION**

17

18 1. This is an action for actual and statutory damages brought by Plaintiff,

19    Timothy Burcher, an individual consumer, against Defendant, Central

20    Portfolio Control, Inc., for violations of the Fair Debt Collection Practices

21    Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt

22

23    collectors from engaging in abusive, deceptive, and unfair practices.

24

25

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.   PARTIES

3. Plaintiff, Timothy Burcher, is a natural person with a permanent residence in Antioch, Contra Costa County, California, 94509.

4. Upon information and belief the Defendant, Central Portfolio Control, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6640 Shady Oak Road, Suite 300, Eden Prairie, Hennepin County, Minnesota 55344. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff and threatened to sue Plaintiff if a payment of 10% of the balance was not made right away.

8. Defendant has no standing to commence legal proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

10. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

11. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection

with the collection of the alleged debt, demanded payment on the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

12. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, told Plaintiff, "Oh, just shut up."

13. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

14. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

16. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to him in an offensive and verbally abusive manner.

## V. CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

   (c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

   (e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or

unconscionable means in connection with the collection of an

alleged debt; and

(g) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or

being inconsistent with the disclosure of the consumer's rights to

dispute the debt or request the name and address of the original

creditor.

19. Defendant's acts as described above were done intentionally with the

purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to

the Plaintiff, Timothy Burcher, for declaratory judgment that Defendant's

conduct violated the FDCPA, actual damages, statutory damages, and costs

and attorney fees.


WHEREFORE, Plaintiff respectfully requests that judgment be entered

against Defendant, Central Portfolio Control, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law.

F. For such other and further relief as the Court may deem just and

proper.

RESPECTFULLY SUBMITTED,

DATED:                              **PRICE LAW GROUP APC**

September 07, 2012

By:_____

G. Thomas Martin, III
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TIMOTHY BURCHER, demands

trial by jury in this action.